ANNA F. MEAD, Plaintiff, *v.* LAWRENCE J. MEAD, Defendant.

Supreme Court, Westchester Special Term, January, 1924.

Husband and wife — separation — when Supreme Court may not vary or modify separation agreement — when cross motions involving an allowance will be denied.

The Supreme Court or a justice thereof cannot vary or modify a separation agreement except as the power to do so is given by the instrument itself.

A separation agreement entered into pending the trial in 1915 of an action for separation, which resulted in no judgment, contained the following clause: " It is further understood and agreed, that in case of the death of either or both of the said children, or upon their severally arriving at the age of twenty-one years, that any question or change in the amount to be paid hereunder, if it cannot be amicably agreed upon, shall be referred to a Justice of the Supreme Court of the State of New York sitting in the County of Westchester, whom it is hereby agreed shall have jurisdiction for such purpose, and whose determination shall be final, binding and conclusive upon both parties, unless reviewed,

as though said amount was named in this agreement, and his order is to be taken and considered therefor as a part of this agreement." After one of the children became twenty-one years of age the defendant made a motion for the reduction of the allowance fixed by the separation agreement for the support of plaintiff and the children and plaintiff applied for an increase of the amount so fixed. *Held,* that the court was without power to grant plaintiff's motion and in view of the increased cost of living since the separation agreement was entered into, and the circumstances and the present conditions as shown by the papers on said motion, defendant's motion will also be denied.

MOTIONS for increase and reduction of allowance made in a separation agreement.

*Strang & Taylor,* for plaintiff.

*Leverett F. Crumb,* for defendant.

TOMPKINS, J. While this action was on trial in 1915 and before the conclusion of the trial, the parties entered into a written separation agreement and the pending trial then ended and no judgment was made. The agreement fixed the amount to be paid by the defendant to the plaintiff for the support of herself and two children, who were then minors, at the sum of $250 per month. The separation agreement contained the following clause:

" It is further understood and agreed, that in case of the death of either or both of the said children, or upon their severally arriving at the age of twenty-one years, that any question or change in the amount to be paid hereunder, if it cannot be amicably agreed upon, shall be referred to a Justice of the Supreme Court of the State of New York sitting in the County of Westchester, whom it is hereby agreed shall have jurisdiction for such purpose, and whose determination shall be final, binding and conclusive upon both parties, unless reviewed, as though said amount was named in this agreement, and his order is to be taken and considered therefor as a part of this agreement."

Frances L. Mead, one of the two children, became twenty-one years of age on October 16, 1923. Thereafter the defendant made a motion under the 8th paragraph of the separation agreement above quoted for a reduction of the allowance for the support of the plaintiff and the said children and the plaintiff made an application for an increase of the amount fixed by the said separation agreement. These two motions were argued together and are herewith decided.

It must be conceded that the court or a justice of this court cannot vary or modify the separation agreement except as power to do so was given by the agreement of the parties; and the first question is whether, under the 8th paragraph of said agreement, the justice to whom the matter is submitted has power to increase

Misc. 177]        Surrogate's Court, Madison County, December, 1923.

the amount fixed by the agreement for the support of the plaintiff and the children.    I think that I have no such power.    The intent of the parties as evidenced by the agreement was that upon the death or the maturity of either of the children, the justice to whom application might be made should have power in his discretion to reduce the amount because the plaintiff would thereby be relieved of the obligation to support such child.    One of the two children having arrived at the age of twenty-one years, the plaintiff is no longer under legal obligation to give her support, and it seems to me that a reasonable construction of the separation agreement requires the conclusion that the plaintiff is not thereby entitled, under any circumstances, to an increase in the amount fixed by the agreement, and that the only question is whether the defendant is entitled to a reduction of the amount.    Because of the well-known increase in the cost of living since the agreement was made, and the circumstances and the present conditions as shown by the papers on this motion, I think there should be no reduction.    Both motions denied.    No costs.

Ordered accordingly.